## Hulmes et ux. v. Braun et al.

*Francis M. McAdams*, for plaintiffs.
*Philip H. Strubing*, for defendants.

SMITH, P. J., April 3, 1943.—This matter comes before the court on motion filed by the additional defendant to strike off defendant's complaint, and an affidavit of defense raising questions of law.

A suit in trespass was instituted by plaintiffs against defendant. At the time of the accident, Ann Yheaulon Hulmes was a single woman. She was injured as the result of a collision between the automobiles driven by

Joseph A. Hulmes, Jr., and William Braun. After the accident and before the institution of this suit, the two plaintiffs became married. Defendant secured a severance and in the wife case joined Joseph A. Hulmes, Jr., by scire facias proceedings as solely liable or liable jointly with defendant.

There is no doubt that the wife plaintiff could not sue her husband for an action arising out of a trespass. It is argued by the additional defendant, Joseph A. Hulmes, Jr., that the joinder under the scire facias proceeding is improper because he could not be liable to his wife under an action in trespass. Defendant does not admit that the two plaintiffs are husband and wife. That matter, however, may be ascertained at the time of trial and is immaterial at this time.

The question is, must defendant admit that he is liable to Ann Yheaulon Hulmes in order to assert a right of subrogation against Joseph A. Hulmes, Jr., and if he fails to do so should the complaint be stricken off or judgment given to the additional defendant under his affidavit raising questions of law.

In the scire facias, however, the assertion is that the additional defendant is jointly or severally liable. As to the assertion that the additional defendant is solely liable, that assertion may be stricken off at the time of trial if it is shown that plaintiffs are husband and wife. The only manner in which Joseph A. Hulmes, Jr., may be joined as an additional defendant in this action is on the theory that defendant has a right of subrogation as a joint tortfeasor so that the court may adjudicate the rights of the original defendant and the additional defendant inter se. In order that this may be done it is not necessary for the original defendant to admit liability on his part to plaintiff. To force them thus to do in order to be able to join an additional defendant as a joint tortfeasor would work a gross injustice on him. This we do not believe was intended by the acts of assembly or by the Rules of Civil Procedure. For

this reason we discharge the rule to strike off defendant's complaint and the affidavit of defense raising questions of law is not sustained and defendant is given 15 days to file a defense to averments of facts in the statement of claim.

### Order

And now, to wit, April 3, 1943, the rule to strike off defendant's complaint is discharged and the affidavit of defense raising questions of law is not sustained and defendant is given 15 days to file a defense to averments of fact in statement of claim.